UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANCES FOODS, INC., | No. 2:11-cv-2943 TLN CKD |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| SPECIAL DIETS EUROPE LIMITED, et al., | |
| Defendants. | |

Presently before the court is plaintiff's motion for default judgment against defendants Special Diets Europe Limited and Eamon Cotter. This matter was submitted without oral argument. The undersigned has fully considered the briefs and record in this case and, for the reasons stated below, will recommend that plaintiff's motion for default judgment be granted.

In this action, plaintiff alleges claims for misappropriation of trade secrets, breach of contract and trademark infringement. The record reflects that defendants were properly served on October 6, 2011. ECF No. 36-1. Default against defendants was entered on January 8, 2013. ECF No. 37. In the motion for default judgment, plaintiff seeks injunctive relief and an award of attorneys' fees and costs.

Entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party. Geddes v. United Financial Group, 559 F.2d 557 (9th Cir. 1977). The court

1  finds the well pleaded allegations of the complaint state a claim for which relief can be granted.
2  Anderson v. Air West, 542 F.2d 1090, 1093 (9th Cir. 1976).  The application for default judgment
3  and the exhibits and affidavits attached thereto also support the finding that plaintiff is entitled to
4  injunctive relief as set forth in the prayer for default judgment, which does not differ in kind from
5  the relief requested in the complaint.  Henry v. Sneiders, 490 F.2d 315, 317 (9th Cir.), cert.
6  denied, 419 U.S. 832 (1974).  Plaintiff is also entitled to attorneys' fees under the Distributorship
7  Agreement and Product Development Agreement at issue here and the amount claimed is
8  reasonable.  Boom Decl., Exh. 1 at ¶¶ 13.07 E, F, Exh. 2 at ¶¶ 6.06 E, F, ECF Nos. 46-1, 46-2;
9  Peterson Decl., ECF No. 45.  There are no policy considerations which preclude the entry of
10  default judgment of the type requested.  See Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir.
11  1986) (factors that may be considered by the court are possibility of prejudice to the plaintiff,
12  merits of plaintiff's substantive claim, sufficiency of the complaint, sum of money at stake in the
13  action; possibility of a dispute concerning material facts; whether the default was due to
14  excusable neglect, and strong policy underlying the Federal Rules of Civil Procedure favoring
15  decisions on the merits).

16  For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

17  1.  Plaintiff's motion for default judgment (ECF No. 43) against defendants Special Diets
18  Europe Limited and Eamon Cotter be granted;

19  2. Defendants, and each of them and their agents, servants, and employees and all persons
20  acting under or in concert with them, be permanently enjoined from:

21  i. Continuing to develop the liquid DariFree™ product; and

22  ii. From continuing to use, reproduce, or possess in any form any data or trade
23  secrets or trade secret information misappropriated from plaintiff, including without limitation

24  (1) the formula for DariFree;™

25  (2) the manufacturing process and specifications for DariFree;™

26  (3) plaintiff's proprietary list of ingredient suppliers; and

27  (4) all information that has been developed or derived from defendants' use
28  of said information;

3. A decree of specific performance be entered against defendants, their agents, employees and all persons acting under or in concert with them as follows:

    i. To immediately return all plaintiff's trade secrets and other commercial and intellectual property of plaintiff; and

    ii. To destroy and certify the destruction of any copies, reproductions, or derivatives of same;

4. Defendants, or any subsidiaries, agents, or affiliates of defendants, be permanently enjoined from using in commerce any mark that infringes or competes unfairly with plaintiff's Mark, or derivations thereof;

5. Defendants be ordered to conduct corrective advertising to correct consumer confusion;

6. Judgment be entered for plaintiff that defendants have no right to hereafter use the "Vance's DariFree" and/or "DariFree" marks or any derivatives thereof;

7. Defendants be ordered to pay plaintiff's reasonable attorneys' fees and costs associated with this action in the amount of $37,155.20;

8. Defendants be required to pay prejudgment and post-judgment interest until such award is paid; and

9. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 8, 2015

                                       /s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 vancefoods.def